Rev. 4/18

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

Please TYPE. Attach additional pages if necessary.

11th Circuit Docket Number: 21-11378-BB

**Caption:**

Charity Moore and LaShawn Smith,

Plaintiffs,

vs.

City of Homewood and Steve Sparks,

Defendants

District and Division: Northern District of Alabama, Southern Division
Name of Judge: Staci G. Cornelius
Nature of Suit: Race Discrimination (1981/1983, Title VII), FMLA, Pregnancy Discrimination
Date Complaint Filed: Original: June 7, 2019; Second Amend (adding Title VII,) March 13, 2020.
District Court Docket Number: 2:19-cv-00879-SGC
Date Notice of Appeal Filed: April 23, 2021
☐ Cross Appeal  ☐ Class Action

Has this matter previously been before this court?
☐ Yes  ☑ No
If Yes, provide
(a) Caption: _____
(b) Citation: _____
(c) Docket Number: _____

| | Attorney Name | Mailing Address | Telephone, Fax, Email |
|---|---|---|---|
| **For Appellant:**<br>☑ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | Richard R. Newton | Richard R. Newton<br>2013 Regal Avenue<br>Birmingham, AL<br>35213 | Tel: (205) 356-2498<br><br>Email:<br>richardrussellnewton@gmail.com |
| **For Appellee:**<br>☐ Plaintiff<br>☑ Defendant<br>☐ Other (Specify) | Wayne Morse<br>Michael Kendrick | c/o Waldrep, Stewart, et al<br>2323 2nd Ave North<br>Birmingham, AL<br>35203 | Tel: (205) 254-3216<br><br>Email:<br>wmorse@wskllc.com<br>kendrick@wskllc.com |

Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☑ Federal Question<br>☐ Diversity<br>☐ US Plaintiff<br>☐ US Defendant | ☑ Final Judgment, 28 USC 1291<br>☐ Interlocutory Order, 28 USC 1292(a)(1)<br>☐ Interlocutory Order Certified, 28 USC 1292(b)<br>☐ Interlocutory Order, Qualified Immunity<br>☐ Final Agency Action (Review)<br>☐ 54(b) | ☑ Dismissal/Jurisdiction<br>☐ Default Judgment<br>☐ Summary Judgment<br>☐ Judgment/Bench Trial<br>☐ Judgment/Jury Verdict<br>☐ Judgment/Directed Verdict/NOV<br>☐ Injunction<br>☐ Other _____ | Amount Sought by Plaintiff:<br>$ TO BE DETERMINED BY JURY<br>Amount Sought by Defendant:<br>$ _____<br>Awarded:<br>$ _____<br>to _____<br>Injunctions:<br>☐ TRO<br>☐ Preliminary  ☐ Granted<br>☐ Permanent   ☐ Denied |

Page 2

11th Circuit Docket Number: 21-11378-BB

Based on your present knowledge:

(1) Does this appeal involve a question of First Impression? ☑ Yes ☐ No
What is the issue you claim is one of First Impression? Interpretation of New Mother Discrimination and its interaction with / under 42 USC §1983

(2) Will the determination of this appeal turn on the interpretation or application of a particular case or statute? ☑ Yes ☐ No

If Yes, provide
(a) Case Name/Statute  Bostock v. Clayton County, Ga.; Hunt v. Aimco Properties; Twombly; Title VII of the Civil Rights Act of 1964, as Amended; 42 USC §1981/1983; FMLA; FSLA; 29 USC §207(r)
(b) Citation  Bostock v. Clayton County, Ga, 590 U.S. ___, (2020); Hunt v. Aimco Properties, L.P. 814 F.3d 1213 (11th Cir. 2016); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)
(c) Docket Number if unreported

(3) Is there any case now pending or about to be brought before this court or any other court or administrative agency that
(a) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No
(b) Involves an issue that is substantially the same, similar, or related to an issue in this appeal? ☐ Yes ☑ No

If Yes, provide
(a) Case Name
(b) Citation
(c) Docket Number if unreported
(d) Court or Agency

(4) Will this appeal involve a conflict of law
(a) Within the Eleventh Circuit? ☐ Yes ☑ No
(b) Among circuits? ☐ Yes ☑ No

If Yes, explain briefly:

(5) Issues proposed to be raised on appeal, including jurisdictional challenges:

Please See Attached

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS 7th DAY OF May, 2021.

Richard R. Newton

NAME OF COUNSEL (Print)                SIGNATURE OF COUNSEL

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

───────────────────────────────────────────────

**DOCKET NO.:   21-11378-BB**

───────────────────────────────────────────────

CHARITY MOORE and LaSHAWN SMITH,

Plaintiffs-Appellants

v.

CITY OF HOMEWOOD and STEVE SPARKS,

Defendants-Appellees

───────────────────────────────────────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

───────────────────────────────────────────────

**APPELLANTS' ATTACHMENT TO THE CIVIL APPEALS STATEMENT**

───────────────────────────────────────────────

                              COUNSEL FOR APPELLANTS

                              Richard R. Newton
                              Richard R. Newton, Attorney at Law, PC
                              Attorney for Appellants Moore and Smith
                              1203 Regal Avenue
                              Birmingham, AL  35213
                              Tel:  205.356.2498
                              Email:  richardrussellnewton@gmail.com

 (5) Issues proposed to be raised on appeal:

- Did the District Court err in granting Defendants' Motion to Dismiss?

- Did the District Court follow Federal Rules of Civil Procedure Rule 12 standards, doctrine and law required by this Court in granting Defendants' Motion to Dismiss?

- Did the District Court fail to consider the fact allegations set forth in the Complaint in the light most favorable to the non-moving parties, Plaintiffs/Appellants, as required by this Court in considering when considering Defendants' Motion to Dismiss?

- Did the District Court fail to assume the veracity of Plaintiffs'/Appellants' Complaint allegations, as required by this Court when considering Defendants' Motion to Dismiss?

- Did the District Court fail to construe all reasonable fact inferences in the Plaintiffs'/Appellants' favor, as required by this Court in Rule 12 Motion practice?

- Did the District Court fail to apply the available standard of finding race may have been a motivating factor in Defendants' decisions / actions taken against Plaintiffs/Appellants' its analysis of the Complaint?

- Was the District Court unfairly and/or unreasonably dismissive in its analysis of Defendants/Appellants' race-based disparate treatment visited upon Plaintiffs'/Appellants, as alleged in their Complaint?

- Did the District Court fail to reasonably and logically connect Defendants' policy, practice and/or decision-making history and track-record regarding department-wide racism and/or complaints of racism with the specific race-based conduct / disparate treatment visited upon Plaintiffs/Appellants?

- Did the District Court err in cherry-picking case law in order to "logic its way" to decision, at the expense of analyzing Plaintiffs' / Appellants' Complaint using this Court's standards in analyzing a Defendant's Motion to Dismiss?

- Was the District Court unreasonably dismissive of and/or err in failing to draw a logical conclusions regarding Plaintiff/Appellant Charity Moore's allegations regarding Defendant Homewood's Family and Medical Leave Act violations?

- Did the District Court err in dismissing Plaintiff /Appellant's FLSA claim solely on the issue of "failure to allege" the correct type of damages, while also stating this Court has not yet ruled on the issue of damages in such cases.

- Did the District Court err in its analysis of the Complaint *in toto* through the lens of the *Twombly* and *Iqbal*, as well as other cases and doctrines?

- To the extent the District Court found any technical pleading errors in the Complaint, did it err in failing to reference these with specificity, then allow Plaintiffs to amend their Complaint to cure same?

- Did the District Court err in failing to fully and fairly take into account the standards, cases and arguments made by Plaintiffs/Appellants in their response to Defendants' Motion to Dismiss?

-  Did the District Court err in its analysis of 29 USC §207(r)?

- In light of the Supreme Court's holding in Bostock v. Clayton County, Ga., and the correct "but for" standard to be used in Title VII and other employment discrimination cases, did the District Court err in failing to analyzing the Complaint according to this Supreme Court holding? (Appellants note Defendants' filed their Motion to Dismiss on March 30, 2020; *Bostock* was decided on June 15, 2020; and the District Court entered its Order under appeal on March 26, 2021).

3